# United States District Court

APR 1 4 2008

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

_____ CENTRAL _____ DISTRICT OF _____ ILLINOIS _____

UNITED STATES OF AMERICA

v.

MARIO CAMARENA

**CRIMINAL COMPLAINT**

CASE NUMBER: 08-3018-M

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about April 13, 2008 in Montgomery County, in the Central District of Illinois, defendant(s) did, (Track Statutory Language of Offense)

knowingly, with the intent to evade a currency reporting requirement, attempted to transport more than $10,000 in cash from a place within the United States to Mexico.

in violation of 31 United States Code, Section(s) 5332(a)

I further state that I am a(n) Task Force Agent with DEA and that this complaint is
                                    Name
based on the following facts:

see attached affidavit

Continued on the attached sheet and made a part hereof:    Yes    No

Task Force Agent, Sean Simpson                             s/ Sean Simpson

Name of Complainant                                        Signature of Complainant

Sworn to before me and subscribed in my presence,

April 14, 2008   3:05 pm                      at    Springfield, Illinois
Date                                                City and State

                                                    s/ Byron G. Cudmore
Byron G. Cudmore
United States Magistrate Judge

Name & Title of Judicial Officer                    Signature of Judicial Officer

STATE OF ILLINOIS              )
                               ) ss
COUNTY OF SANGAMON             )

## AFFIDAVIT

Sean C. Simpson being first duly sworn, hereby deposes and states:

1.  I am an Investigator with the Illinois Attorney General's Office currently assigned as a Task Force Officer with the Drug Enforcement Administration. I have been employed with the Illinois Attorney General's Office since October, 1996. Prior to my employment with the Illinois Attorney General's Office, I was employed as the Police Chief with the Village of Grandview, Illinois and as a Deputy Sheriff with the New Hanover County, North Carolina Sheriff's Department. I have received specialized training in various aspects of narcotics investigations, which include but are not limited to interviewing defendants and witnesses, surveillance techniques and money laundering. I have prepared numerous criminal affidavits, executed search warrants, and testified at criminal trials during my participation in numerous drug investigations.

2.  The information contained in this affidavit is based upon my personal knowledge of this investigation, and upon information provided by other law enforcement personnel identified herein.

3.  This affidavit is submitted in support of a complaint charging MARIO Y. CAMARENA (date of birth: 05-28-77) of knowingly, with the intent to evade a currency reporting requirement, attempted to transport more than $10,000 in cash from a place within the United States to Mexico, in violation of Title 31, United States Code, Section 5332(a).

4.  I am familiar with the following facts based upon my own personal observation and upon information officially supplied to me by other law enforcement agents.

5.  On April 13, 2008 Montgomery County, Illinois Sheriff's Deputy Kurt Eller observed a Toyota pick-up truck parked in the southbound rest area on I-55 at mile post 63 in

1

Montgomery County, Illinois. Deputy Eller observed that the pick up truck did not have a registration plate on either the front or the rear of the vehicle. Deputy Eller approached the driver of the vehicle, identified as MARIO Y. CAMARENA, and asked CAMARENA several questions. During questioning, CAMARENA stated that he was traveling to Mexico from Chicago, Illinois. Deputy Eller noticed that CAMARENA seemed nervous when speaking with him. Deputy Eller asked for permission to search the vehicle and CAMARENA gave Deputy Eller permission to search the vehicle. During the search of the vehicle it began to rain. Deputy Eller asked CAMARENA if he would accompany him to the Illinois State Police Headquarters in Litchfield, Illinois to complete the search of the vehicle. CAMARENA agreed to accompany Deputy Eller to Litchfield. Deputy Eller advised CAMARENA to follow him to Litchfield. CAMARENA was allowed to drive his own vehicle to Litchfield.

6. Once at the Illinois State Police Headquarters, Deputy Eller and Deputy Justin Gonzalez continued to search the pick up truck that CAMARENA was traveling in. The search revealed a sealed microwave oven box. The microwave oven box was then isolated and an Illinois State Police K-9 conducted a free air sniff of the box. The K-9 showed a positive indication for the presence of narcotics in the microwave oven box. Deputy Eller and other law enforcement officers then opened the microwave oven box. The microwave oven that was contained inside the box was removed. The rear panel of the microwave oven was then removed revealing a large amount of United States Currency (later determined to be $223,733.00). Deputies then contacted the Drug Enforcement Administration for assistance.

7. GS Glenn Haas and the affiant responded to the Montgomery County Sheriff's Department and met with Deputy Eller and other law enforcement officers. GS Haas and the affiant then interviewed CAMARENA. CAMARENA was advised of his Miranda Rights prior to GS Haas and the affiant arriving. CAMARENA agreed to speak with law enforcement agents. GS Haas and

the affiant had assistance during the interview from Montgomery County Sheriff's Deputy Gonzalez who provided Spanish language translation for agents.

8. During the interview, CAMARENA stated that he flew from Mexico to Los Angeles, California on April 2, 2008. CAMARENA said that on April 3, 2008, he flew from Los Angeles, California to Chicago, Illinois. CAMARENA said that he was staying with friends and family members. CAMARENA said that he is a musician and was handing out music CD's in the Chicago area. CAMARENA said that he purchased the pick up truck in Chicago for $3,200.00. CAMARENA said that he paid cash for the truck.

9. CAMARENA initially denied knowledge that the microwave oven contained currency. Agents confronted CAMARENA with a receipt showing that he paid for the microwave oven and CAMARENA then acknowledged that he knew that the microwave oven contained currency. CAMARENA also acknowledged that he believed that the currency was proceeds from drug trafficking. CAMARENA said that the $3,000.00 Rojas gave him was payment for transporting the currency to Mexico.

10. CAMARENA was lodged at the Montgomery County Jail pending federal charges.

s/ Sean Simpson

_____
Sean C. Simpson, DEA Task Force Officer

Subscribed and sworn to before me this 14th day of April, 2008.  3:05 pm
s/ Byron G. Cudmore

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE

3